IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE PEOPLE OF THE OKLAHOMA REPUBLIC ON THE RELATION OF DAVID-ALAN: JONES, a living man,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF STATE; MARCO RUBIO, in his official capacity as Secretary of State;<br><br>and<br><br>ALL OTHER APPLICABLE PERSONS,<br><br>Respondents. | Case No. 25-CV-00130-SEH-CDL |

## OPINION AND ORDER

Before the Court is Petitioner David-Alan Jones' "Notice of Petition for Writ of Mandamus (Non-Statutory)" (the "Petition") [ECF No. 1]. For the reasons stated below, the Court dismisses this action without prejudice.

## I. Background

Petitioner is proceeding *pro se*, so his filings are liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court may

1

not act as Petitioner's advocate by making arguments on his behalf. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

The Petition is not entirely clear about the facts alleged, the scope of relief sought, the legal basis for Petitioner's request, or jurisdiction. However, the Court liberally construes the Petition as an action for issuance of a writ of mandamus pursuant to 28 U.S.C. § 1651 *et seq*. In essence, Plaintiff asks the court to order a writ "compelling Respondents to issue Petitioner's passport forthwith" without Petitioner first having to provide Respondents with his social security number. [ECF No. 1 at 3].

## II. **Discussion**

The Court has a duty to inquire into its own subject-matter jurisdiction, and the issue may be raised *sua sponte*. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017). If the Court determines that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The Court finds that it cannot exercise subject-matter jurisdiction, so this action must be dismissed.

Petitioner specifically cites to 28 U.S.C. § 1651 as a basis for jurisdiction [ECF No. 1 at 2], but that statute does not provide an independent basis for subject-matter jurisdiction. *Butler v. Haaland*, 22-CV-0536-GKF-JFJ, 2023 WL 8704711, at *3 (N.D. Okla. Dec. 15, 2023) (collecting cases). Rather, a

2

court may exercise subject-matter jurisdiction over a mandamus action under 28 U.S.C. § 1361, which provides for "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To proceed in an mandamus action, "a petitioner [must] establish that (1) he or she has a clear right to relief; (2) the respondent has a 'plainly defined and peremptory' duty to perform the act in question; and (3) no other adequate remedy is available." *Wanjiku v. Immigration and Customs Enforcement*, No. CIV-24-214-R, 2024 WL 4906779, at *3 (W.D. Okla. Oct. 29, 2024) (quoting *Rios v. Ziglar*, 398 F.3d 1201, 1206 (10th Cir. 2005)). The duty to act "must be clearly nondiscretionary." *Id.* (citing *Marquez-Ramos v. Reno*, 69 F.3d 477, 479 (10th Cir. 1995)). The question of whether the duty to act is discretionary is a jurisdictional question. *Id.*

The core of Petitioner's claim is that he should be issued a passport without having to provide his social security number. However, the Secretary of State has clear statutory authority to not issue a passport to an individual who does not provide a social security number in his or her passport application. 22 U.S.C. § 2714a(f)(1)(A). The Secretary's authority on this point is discretionary:

> (f) Revocation or denial of passport in case of individual without social security account number

3

> (1) Denial
>
>> (A) In general
>>
>> Except as provided under subparagraph (B), upon receiving an application for a passport from an individual that either--
>>
>>> (i) does not include the social security account number issued to that individual, or
>>>
>>> (ii) includes an incorrect or invalid social security number willfully, intentionally, negligently, or recklessly provided by such individual,
>
> the Secretary of State <u>is authorized to</u> deny such application and <u>is authorized to</u> not issue a passport to the individual.

*Id.* (emphasis added); *see also Root v. United States Dep't of State*, No. SACV 23-00070-CJC (ADSx), 2023 WL 8946209 (C.D. Cal. Aug. 25, 2023) (dismissing mandamus action that sought to compel the Department of State to issue a passport without requiring the petitioner to provide a social security number). Because the decision to deny Petitioner's passport application for failure to provide a social security number is discretionary, the Court cannot exercise subject-matter jurisdiction over this mandamus action.

### III. Conclusion

For the reasons stated above, this action is DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction. A separate judgment will be entered.

DATED this 27th day of March, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE